
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MICHAEL MORENO, | No. 10-35864 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-03072-JPH |
| v. | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
James P. Hutton, Magistrate Judge, Presiding

Submitted July 15, 2011[**]
Seattle, Washington

Before: GILMAN [***], CLIFTON, and N.R. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ronald Lee Gilman, Senior Circuit Judge for the Sixth Circuit, sitting by designation.

Michael Moreno appeals from the district court's judgment that affirmed the final decision by the Commissioner denying his application for supplemental security income under Title II of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's judgment upholding the denial of benefits, *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009), and we affirm the district court.

The ALJ did not err in concluding that Moreno's impairment did not meet or equal an impairment in Listing 1.02A, which describes a claimant as disabled if he has an "inability to ambulate effectively," which is defined as "an extreme limitation of the ability to walk." 20 C.F.R. Part 404, Subpart P, Appendix A 1, Listings 1.02A, 1.00B.2.b(1). An example of ineffective ambulation is "the inability to walk a block at a reasonable pace on rough or uneven surfaces." 20 C.F.R. Part 404, Subpart P, Appendix A 1, Listing 1.00B.2.b(2). Moreno argues that because the ALJ, in his assessment of Moreno's residual functional capacity ("RFC"), limited Moreno to walking on even terrain, the ALJ erred when he concluded that Moreno could ambulate effectively and therefore failed to satisfy the criteria in Listing 1.02A. However, the RFC did not state that Moreno was incapable of walking on uneven surfaces, only that he should avoid doing so in his employment. None of Moreno's examining or treating physicians indicated that

2

Moreno could not walk on uneven terrain, or that he was unable to ambulate effectively. Instead, his physicians described him as being able to walk and stand for up to six hours a day.

The ALJ's determination that Moreno was capable of performing sedentary work with additional limitations was supported by substantial evidence. The ALJ did not include an option to recline and elevate the leg and foot because the only evidence of such a limitation came from Moreno, whom the ALJ found to be less than credible, and Dr. Francis, whose testimony the ALJ properly discredited as inconsistent with the assessments of Moreno's examining and treating doctors. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *Lester v. Chater*, 81 F.2d 821, 832 (9th Cir. 1995).

**AFFIRMED**.